FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 AUG 27 PM 4: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

COX OPERATING, L.L.C.            Civil Action No. _____

versus                           Judge 07-4542

ST. PAUL SURPLUS LINES INSURANCE COMPANY    Magistrate Judge SECT. B MAG. 3

## COMPLAINT

Cox Operating, L.L.C. ("Cox") files this complaint and asserts as follows:

1.

The plaintiff is Cox Operating, L.L.C., a Louisiana limited liability company with its domicile address in East Baton Rouge Parish, Louisiana. Its sole member is a citizen of Texas.

2.

Made defendant is St. Paul Surplus Lines Insurance Company ("St. Paul"), a foreign insurance company organized in Delaware and with its principal place of business in Minnesota.

3.

There is complete diversity of citizenship between Cox and St. Paul. Further, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Thus, this court has subject-matter jurisdiction under 28 U.S.C. § 1332.

Fee $350.00
__ Process Cab Omv
X Dktd
__ CtRmDep
__ Doc. No

GAMDE-NO:207746-1                Page 1 of 6

4.

A substantial part of the events or omissions giving rise to Cox's claims herein against St. Paul occurred, and a substantial part of property that is the subject of this action is situated, within this district. Further, St. Paul is subject to personal jurisdiction within this district. Thus, venue is proper within this district under 28 U.S.C. § 1392(a).

5.

Since a time before 2005, Cox has operated many wells and related facilities in the Eloi Bay, Half Moon and Chandeleur Sound Block 71 Fields in St. Bernard Parish and many more wells and related facilities in the Quarantine Bay Field in Plaquemines Parish.

6.

On August 29, 2005, Hurricane Katrina struck eastern Louisiana and caused extensive damage to a large number of these wells and facilities, in ways that were multiple sudden and accidental pollution incidents as to Cox and St. Paul,

7.

As a result of this damage to these wells and facilities, there have been numerous instances of pollutants emanating from these wells and related facilities.

8.

Cox has incurred costs of approximately $60 million repairing and remedying this damage to these wells and facilities.

9.

Of that amount, Cox has incurred over $15 million in costs for cleaning up, and otherwise responding to and assessing, these same pollutants in order to comply with environmental laws applicable to Cox.

10.

All the damages incurred by Cox from Hurricane Katrina have not yet been remedied. Cox anticipates that it will incur, and will be legally obligated to incur, further pollution clean-up costs as a result of the damage from Hurricane Katrina.

11.

At all times pertinent to this action, Cox was the insured under two policies of insurance issued by St. Paul: a general liability policy bearing St. Paul's Policy No. MU05535386 (the "Primary Policy") and an umbrella policy bearing St. Paul's Policy No. MU05573763 (the "Umbrella Policy"). Both policies were on forms drafted by St. Paul.

12.

Under both policies, St. Paul agreed (among other things) to pay Cox for these pollution clean-up costs (less a $10,000 deductible under the Umbrella Policy).

13.

Cox timely notified St. Paul of the above-referenced damage to these wells and facilities from Hurricane Katrina, of the numerous resulting instances of pollutants emanating from these wells and facilities and of the related pollution clean-up costs incurred by Cox.

14.

Cox has timely submitted to St. Paul and its adjusters satisfactory proofs of loss for the various pollution clean-up costs incurred by Cox. Indeed, Cox has submitted hundreds, if not thousands, of pages of invoices and other back-up documentation.

15.

Further, after submitting voluminous documentation to St. Paul, Cox held a meeting with St. Paul representatives on May 16, 2007 to discuss this documentation and to answer any questions or concerns that St. Paul might have.

16.

Before this meeting, St. Paul had paid Cox the $1 million policy limits under the Primary Policy for pollution coverage, plus an additional $374,608.43 under the Umbrella Policy.

17.

St. Paul admits in writing that, as of May 2007, Cox had submitted to it valid pollution clean-up claims in excess of the amounts St. Paul had previously paid to Cox.

18.

But despite having satisfactory proofs of claim from Cox for more than thirty days and even though the Umbrella Policy has pollution coverage limits of $20 million on top of the $1 million policy limits under the Primary Policy and despite this written admission by St. Paul, St. Paul has failed to pay Cox any more for its costs from this insured damage.

19.

In breach of its obligations to Cox under the Umbrella Policy, St. Paul has failed to pay Cox for the remainder of these pollution clean-up costs incurred by Cox.

20.

Further, St. Paul's failure to make full, timely payments for Cox' claims is unreasonable, arbitrary, capricious and without probable cause. St. Paul has breached the duty of good faith to adjust claims fairly and promptly.

21.

St. Paul is also liable to Cox for statutory penalties of fifty percent damages on the underlying amount found to be due, as provided in Louisiana Revised Statute 22:658, and for all reasonable attorney fees and costs incurred (now or hereafter) by Cox in connection with its claims against St. Paul.

22.

Cox requests a trial by jury on all claims.

WHEREFORE, Cox Operating, L.L.C. prays (i) that, after due proceedings are had, there be judgment in favor of Cox Operating, L.L.C. and against defendant St. Paul Surplus Lines Insurance Company awarding Cox Operating, L.L.C. damages in an amount to be determined at trial, including attorney fees, statutory penalties and all costs associated with these proceedings, together with legal interest on all amounts from the time the loss at issue was incurred by Cox Operating, L.L.C. until paid, and (ii) for all other relief to which Cox Operating, L.L.C. may be entitled.

Respectfully submitted,

Steven W. Copley (#16869), T.A.
C. Peck Hayne Jr. (#19615)
Sara E. Mouledoux (#28697)
Abaigeal L. Van Deerlin (#30774)
GORDON, ARATA, McCOLLAM
 DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
    Phone: (504) 582-1111
    Fax: (504) 582-1121

By: _Steven W Copley_

Attorneys for Cox Operating, L.L.C.